## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Del Shea Perry, Trustee for the Heirs and      Civil No. 19-cv-02580 (ECT/LIB)
Next of Kin of Hardel Harrison Sherrell,

            Plaintiff,

vs.

Beltrami County, et al.,

            Defendants.

---

## DEFENDANTS' ANSWER TO THE COMPLAINT

---

COME NOW Defendants Beltrami County, Calandra Allen, Melissa Bohlmann, Edward Busta, Tyler Carraway, Jared Davis, Dana Demaris, Anthony Derby, Brandon Feldt, James Foss, Daniel Fredrickson, Chase Gallinger, Holly Hopple, Nicholas Lorsbach, Erin Meyer, Andrew Richards, Mario Scandinato, Mitchell Sella, Christopher Settle, Marlon Smith, Jacob Swiggum, Joseph Williams (collectively "County Defendants"), for their Answer to Plaintiff's Complaint, state and allege as follows:

1.      Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every thing, matter and particular alleged in Plaintiff's Complaint.

2.      These answering parties specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988, and, further, deny Hardel Harrison Sherrell ("Sherrell") sustained any deprivation of rights under the Eighth or Fourteenth Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint.

3.      These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, and proper.

4.      These answering parties affirmatively allege Plaintiff's actions asserted against them are official capacity actions only.

5.      These answering parties affirmatively allege Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

6.      These answering parties affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity.

7.      These answering parties specifically deny they were deliberately indifferent towards Sherrell, specifically deny violating his Eighth or Fourteenth Amendment rights or any other federal civil rights, specifically deny any *Monell* violations, and specifically deny negligently causing Sherrell's death.

8.      With respect to paragraph 1, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

9.     With respect to paragraph 2, these answering parties admit these allegations.

10.     With respect to paragraph 3, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof.

11.     With respect to paragraphs 4 to 6, these answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Sherrell did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny the same and deny jurisdiction of this Court.

12.     With respect to paragraphs 7 and 8, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

13.     With respect to paragraph 9, these answering parties admit Beltrami County is a municipal corporation and employer of the individually named County Defendants.

14.     With respect to paragraph 10, these answering parties admit MEnD Correctional Care was contracted by Beltrami County to provide medical services for Beltrami County Jail inmates, but submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these

3

answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

15.     With respect to paragraphs 11 to 12, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

16.     With respect to paragraph 13, these answering parties admit they were at all times material hereto, acting in their official capacities as Beltrami County employees.

17.     With respect to paragraphs 14 to 15, these answering parties submit these allegations are unrelated to them, are irrelevant to the specific claims alleged by Plaintiff against them, and no answer is required. To the extent an answer is required, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to her strict burden of proof.

18.     With respect to paragraphs 16 to 54, and all other allegations in the Complaint based upon jail surveillance videos, these answering parties admit to the accuracy of the contents of the surveillance videos and submit the videos speak for themselves, and specifically deny all allegations not supported by clear video evidence and put Plaintiff to her strict burden of proof.

19.     With respect to paragraph 20, these answering parties specifically deny these allegations, including the allegation Sherrell fell from his top bunk on August 28, 2018, and put Plaintiff to her strict burden of proof. These answering parties submit the jail surveillance video speaks for itself and does not show Sherrell fall out of his top bunk but instead the video clearly shows Sherrell very slowly slide out of bed, walk to the restroom, return to stand next to his bed, and then lie down on the floor next to his bed.

20.     With respect to paragraphs 38 and 39, these answering parties admit Sherrell was evaluated by a MEnD Nurse and then transported from the Beltrami County Jail to Sanford Health in Fargo, North Dakota on August 31, 2018. Sanford staff drew blood and performed a physical examination searching for spinal cord compressions, fractures, contusions, and malingering. CT scans and an MRI of Sherrell's spine were negative as there was no finding of any impingement or cord compression and everything appeared normal. CT scans and an MRI were also performed of his brain and no abnormalities were found. Sanford staff ultimately did not find a cause or condition that warranted continued emergent hospitalization and they discharged Sherrell back to the jail with a primary diagnosis of "malingering" and a secondary diagnosis of "weakness." Sanford staff told Beltrami County Corrections Officers that Sherrell was faking. Sanford staff sent discharge instructions directly to MEnD Staff

which referenced "generalized weakness" or "fatigue" and explained fatigue simply meant Sherrell would feel tired very quickly and lack the energy to do normal daily activities. The instructions also stated it was unclear or unknown what was causing Sherrell's generalized weakness, but he was not experiencing "true weakness" which occurs when the muscles are not working right. The discharge instructions made no mention of a diagnosis of any serious medical condition or Guillian-Barre Syndrome.

21.     With respect to paragraphs 47 and 49 and all other allegations that "no one checked on Mr. Sherrell in his cell," these answering parties specifically deny these allegations and submit that welfare checks are not made by entering a cell and were instead properly made by Corrections Officers viewing Sherrell through the window of his cell. Moreover, the Department of Corrections Senior Detention Facility Inspector reviewed this incident including the reports, video, and logs and determined all welfare checks of Sherrell were proper and there were no violations of the Chapter 2911 rules.

22.     With respect to paragraph 55, these answering parties specifically deny these allegations and submit the Ramsey County Medical Examiner, Dr. Michael B. McGee, conducted the only official and truly independent autopsy, found no anatomic cause of Sherrell's death, and did not find Sherrell died from Guillian-Barre Syndrome.

23.    With respect to paragraphs 56 to 59, these answering parties specifically deny these allegations and put Plaintiff to her strict burden of proof. These answering parties also specifically deny any Beltrami County Corrections Officers or other County Defendants knew the contents of the discharge instructions.

24.    These answering parties deny the allegations in Count 1 of the Complaint and specifically deny violating Sherrell's Eighth and Fourteenth Amendment rights or acting with deliberate indifference towards Sherrell.

25.    These answering parties deny the allegations in Count 2 of the Complaint and specifically deny developing or maintaining any policies, customs or practices exhibiting deliberate indifference to the constitutional rights of persons in their care or custody, specifically deny inadequately supervising or training employees, and specifically deny failing to adequately prevent or discourage constitutional violations.

26.    These answering parties deny the allegations in Count 3 of the Complaint and specifically deny negligently causing Sherrell's death.

27.    With respect to Counts 4, 5, and 6, these answering parties submit these claims and allegations are unrelated to them and no answer is required.

28.     These answering parties are without sufficient knowledge to form a belief as to the truth of Plaintiff's alleged damages and Relief Requested and, therefore, deny the same and demand strict proof thereof.

29.     These answering parties deny punitive damages are actionable or available for this incident.

30.     These answering parties join in Plaintiff's request for a jury trial.

**WHEREFORE,** these answering parties pray Plaintiff take nothing by this claim for relief herein; that these answering parties be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that these answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

IVERSON REUVERS CONDON

Dated:  November 14, 2019         By   s/Jason M. Hiveley
                                       Jason M. Hiveley, #311546
                                       Stephanie A. Angolkar, #388336
                                       Francine M. Kuplic, #0400151
                                   9321 Ensign Avenue South
                                   Bloomington, MN  55438
                                   (952) 548-7200

                                   *Attorneys for Defendants Beltrami*
                                   *County, Calandra Allen, Melissa*
                                   *Bohlmann, Edward Busta, Tyler*
                                   *Carraway, Jared Davis, Dana Demaris,*
                                   *Anthony Derby, Brandon Feldt, James*
                                   *Foss, Daniel Fredrickson, Chase*

*Gallinger, Holly Hopple, Nicholas Lorsbach, Erin Meyer, Andrew Richards, Mario Scandinato, Mitchell Sella, Christopher Settle, Marlon Smith, Jacob Swiggum, and Joseph Williams*