**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Del Shea Perry, Trustee for the Heirs and Next
of Kin of Hardel Harrison Sherrell,

                           Plaintiff,

     vs.

Beltrami County;

MEnD Correctional Care, PLLC;

Sanford Health; Sanford; Sanford Medical
Center Fargo;

Calandra Allen (Jail Administrator),
Andrew Richards (Assistant Jail Administrator),
Edward Busta (Program Director),
Corrections Sergeant Tyler Carraway,
Corrections Sergeant Anthony Derby,
Corrections Sergeant Mario Scandinato,
Corrections Officer Melissa Bohlmann,
Corrections Officer Jared Davis,
Corrections Officer Dana Demaris,
Corrections Officer Brandon Feldt,
Corrections Officer James Foss,
Corrections Officer Daniel Fredrickson,
Corrections Officer Chase Gallinger,
Corrections Officer Holly Hopple,
Corrections Officer Nicholas Lorsbach,
Corrections Officer Erin Meyer,
Corrections Officer Mitchell Sella,
Corrections Officer Christopher Settle,
Corrections Officer Marlon Smith,
Corrections Officer Jacob Swiggum,
Corrections Officer Joseph Williams,
Beltrami County employees, all in their
individual and official capacities and as
agents/employees of Beltrami County;

Todd Leonard, MD, Stephanie Lundblad, CNP,
Crystal Pedersen, RN, Michelle Skroch, RN,
Madison Brewster, Health Technician, and
Katie Doe, whose true last name is presently
unknown, Health Technician, MEnD

**Court File No. 19-cv-02580 (ECT/LIB)**

| | |
|---|---|
| Correctional Care employees, all in their individual and official capacities and as agents/employees of MEnD Correctional Care, PLLC;<br><br>Dustin G. Leigh, MD, individually and as employee/agent of Sanford Health and/or Sanford and/or Sanford Medical Center Fargo,<br><br>Defendants. | |

## ANSWER

Defendants Sanford Health, Sanford, Sanford Medical Center Fargo, Dustin G. Leigh, MD, individually and as employee/agent of Sanford Health and/or Sanford and/or Sanford Medical Center Fargo (collectively referred to as "Sanford" unless specifically noted otherwise), for their answer to Plaintiff's complaint, state and allege as follows:

[¶1]    Each and every allegation of plaintiff's Complaint is expressly denied, except those that are expressly admitted herein.

[¶2]    As to the allegations in Paragraph 1 of the Complaint, Sanford denies violating any federal civil rights law or state law.

[¶3]    As to the allegations in Paragraph 2 of the Complaint, Sanford has insufficient information to admit or deny the allegations contained therein.

[¶4]    As to the allegations in Paragraph 3 of the Complaint, Sanford denies it was in any way negligent or engaged in medical malpractice.

## JURISDICTION

[¶5]    As to the allegations in Paragraph 4 of the Complaint, those allegations state a legal conclusion for which no response is required.

[¶6]     As to the allegations in Paragraph 5 of the Complaint, Sanford has insufficient information to admit or deny plaintiff's citizenship. Sanford admits that Sanford and Sanford Medical Center Fargo are domestic nonprofit corporations doing business in the State of North Dakota.  Sanford Health is a trade name for Sanford.  Dr. Leigh is a citizen of the state of North Dakota.

## VENUE

[¶7]     As to the allegations in Paragraph 6 of the Complaint, those allegations state a legal conclusion for which no response is required.  Sanford asserts that the proper venue for Plaintiff's case against Sanford is in North Dakota.

## PARTIES

[¶8]     As to the allegations in Paragraphs 7 and 8 of the Complaint, Sanford has insufficient information to admit or deny the allegations contained therein.

[¶9]     As to the allegations in Paragraphs 9 and 10 of the Complaint, those allegations are directed at a different answering defendant and, therefore, do not require a response from Sanford. To the extent a response is required, Sanford has insufficient information to admit or deny the allegations contained therein.

[¶10]    As to the allegations in Paragraphs 11 and 12 of the Complaint, Sanford admits that Sanford and Sanford Medical Center Fargo are domestic nonprofit corporations doing business in the State of North Dakota.  Sanford Health is a trade name for Sanford.  Sanford asserts that Sanford Clinic North employs Dr. Leigh.  Sanford admits that Sanford is a parent corporation that owns, controls, and operates the Sanford Bemidji Medical Center and Sanford Medical Center Fargo.

[¶11]    As to the allegations in Paragraphs 13 and 14 of the Complaint, those allegations are directed at a different answering defendant and, therefore, require no response from Sanford. To the

extent a response is required, Sanford has insufficient information to admit or deny the allegations contained therein.

[¶12]  As to the allegations in Paragraph 15 of the Complaint, Sanford asserts that Dr. Leigh is employed by Sanford Clinic North and admits that Dr. Leigh is licensed to practice medicine in both North Dakota and Minnesota.

## FACTS

[¶13]  As to the allegations in Paragraphs 16 through 36 of the Complaint, Sanford has insufficient information to admit or deny the allegations contained therein.

[¶14]  As to the allegations in Paragraphs 37 through 39 of the Complaint, Sanford admits Hardell Sherrell received medical care and treatment at Sanford. The details of Mr. Sherrell's medical care are contained within his medical records.

[¶15]  As to the allegations in Paragraphs 40 through 59 of the Complaint, Sanford has insufficient information to admit or deny the allegations contained therein.

## COUNT 1: 42 U.S.C. § 1983 – EIGHTH AND/OR FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE VIOLATIONS AGAINST ALL INDIVIDUAL BELTRAMI COUNTY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES AND ALL INDIVIDUAL MEND DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES.

[¶16]  As to the allegations in Paragraphs 61 and 62 of the Complaint, those allegations are directed at a different answering defendant and, as such, require no response from Sanford.

## COUNT 2: 42 U.S.C. § 1983 – EIGHTH AND/OR FOURTEENTH AMENDMENT (*MONELL*) VIOLATIONS AGAINST DEFENDANTS BELTRAMI COUNTY, MEND CORRECTIONAL CARE, PLLC, AND THE INDIVIDUAL BELTRAMI COUNTY AND MEND DEFENDANTS IN THEIR OFFICIAL CAPACITIES

[¶17]  As to the allegations in Paragraphs 64 through 71 of the Complaint, those allegations are directed at a different answering defendant and, as such, require no response from Sanford.

## COUNT 3: MINN. STAT. § 573.02 – WRONGFUL DEATH CLAIM AGAINST BELTRAMI COUNTY AND THE INDIVIDUAL BELTRAMI COUNTY DEFENDANTS

[¶18]   As to the allegations in Paragraphs 73 through 76 of the Complaint, those allegations are directed at a different answering defendant and, as such, require no response from Sanford.

## COUNT 4: MINN. STAT. § 573.02 – WRONGFUL DEATH CLAIM AGAINST MEND CORRECTIONAL CARE, PLLC, AND THE INDIVIDUAL MEND DEFENDANTS

[¶19]   As to the allegations in Paragraphs 78 through 81 of the Complaint, those allegations are directed at a different answering defendant and, as such, require no response from Sanford.

## COUNT 5: MINN. STAT. § 573.02 – WRONGFUL DEATH CLAIM AGAINST SANFORD HEALTH, SANFORD, SANFORD MEDICAL CENTER FARGO, AND DR. LEIGH

[¶20]   As to the allegations in Paragraph 83 of the Complaint, Sanford denies engaging in malpractice and denies any breach of the standard of care.

[¶21]    As to the allegations in Paragraphs 84 through 86 of the Complaint, Sanford denies.

## COUNT 6: NORTH DAKOTA CENTURY CODE § 28-01-26.1 (SURVIVAL ACTION): MEDICAL MALPRACTICE AGAINST SANFORD HEALTH, SANFORD, SANFORD MEDICAL CENTER FARGO, AND DR. LEIGH

[¶22]   As to the allegations in Paragraph 88 of the Complaint, Sanford denies engaging in malpractice and denies any breach of the standard of care.

[¶23]   As to the allegations in Paragraphs 89 through 91 of the Complaint, Sanford denies.

## AFFIRMATIVE DEFENSES

[¶24]   Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

[¶25]   The damages and injuries alleged in the Complaint were from a result or cause from which Sanford is not responsible and over which Sanford had no control.

[¶26]   Sanford alleges that its employees, agents, and representatives possessed and exercised the degree of skill and care ordinarily possessed and exercised by other healthcare providers in good standing in similar communities.

[¶27]   The medical treatment administered by Sanford was usual and customary treatment that met the standard of care.

[¶28]   Sanford alleges that North Dakota law controls Plaintiff's medical malpractice case against Sanford.

[¶29]   Sanford asserts that Minnesota Federal Court is an improper venue for Plaintiff's case against Sanford and that the proper venue for Plaintiff's case against Sanford is in North Dakota.

[¶30]   Plaintiff's non-economic damages are limited to the medical malpractice cap of $500,000 contained in N.D.C.C. § 32-42-02.

[¶31]   Sanford asserts Plaintiff is required to provide an affidavit of expert review as required by N.D.C.C. § 28-01-46 within three months of Plaintiff commencing this case to avoid dismissal of this case.

[¶32]   Punitive damages cannot be pled against Sanford in the initial complaint under N.D.C.C. § 32-03.2-11.

[¶33]   Sanford alleges that it has complied with the alternative dispute resolution requirements of N.D.C.C. § 32-42-03(2).

[¶34]   Sanford reserves the right to amend its answer to assert additional affirmative defenses that may be learned through discovery.

**WHEREFORE,** Sanford prays for judgment as follows:

[¶1]   The Complaint be dismissed with prejudice;

[¶2]   Sanford be awarded its costs and disbursements;

[¶3]   For such other and further relief as the court deems just and equitable.

**SANFORD DEMANDS A TRIAL BY JURY**

Dated this 20th day of December, 2019.

/s/ Peter W. Zuger
Peter W. Zuger (ND #06282)
SERKLAND LAW FIRM
10 Roberts St. N. | PO Box 6017
Fargo, ND 58108-6017
Phone: (701) 232-8957
Fax: (701) 237-4049
pzuger@serklandlaw.com
***Attorneys for Sanford Health, Sanford, Sanford Medical Center and Dustin G. Leigh, MD***