## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Del Shea Perry, Trustee for the Heirs and Next of Kin of Hardel Harrison Sherrell,<br><br>              Plaintiff,<br><br>vs.<br><br>Beltrami County; et al.,<br><br>              Defendants. | **Civil No. 19-cv-02580 (ECT/LIB)** |

## ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS DISMISSING PLAINTIFF'S CLAIMS UNDER MINN. STAT. § 573.02

The above-entitled matter comes before the Court on Defendants, Sanford Health, Sanford, Sanford Medical Center Fargo, and Dr. Dustin G. Leigh, MD, (collectively "the Sanford Defendants") motion to the Court for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). Plaintiff asserts claims against the Sanford Defendants under both North Dakota and Minnesota law. Plaintiff asserts a medical malpractice claim for wrongful death claim under Minn. Stat. § 573.02 and survival claim under N.D.C.C. § 28-01-26.1. The Sanford Defendants move only for dismissal of Plaintiff's claims under Minn. Stat. § 573.02.

## RULE 12(C) LEGAL STANDARD

Rule 12(c), Fed. R. Civ. P., provides a party may move for judgment on the pleadings any time after the pleadings are closed. The court must accept all of the facts pleaded by the non-moving party as true and grant all reasonable inferences from the

pleadings in favor of the non-moving party.  Faibisch v. Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002).

## CHOICE OF LAW ANALYSIS

When there is an outcome determinative conflict between the law of two different states, the court will apply a choice of law analysis.  Strohn v. Xcel Energy Inc., 353 F.Supp.3d 828, 832-33 (D. Minn. 2018).  An outcome determinative conflict exits because North Dakota caps medical malpractice damages at $500,000, whereas Minnesota does not have a cap on medical malpractice damages, and Minnesota does not recognize a survival claim, whereas North Dakota does.  See Minn. Stat. § 573.01 ("A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists . . . ."); N.D.C.C. § 32-42-02 (capping medical malpractice damages); N.D.C.C. § 28-01-26.1 (recognizing a survival claim).

Courts apply the following factors to determine which law to apply: (1) predictability of results, (2) maintenance of interstate order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) the better rule of law.  Strohn, 353 F.Supp.3d at 833.  "Although presented as a list, these factors were not intended to spawn the evolution of set mechanical rules but instead to prompt courts to carefully and critically consider each new fact situation and explain in a straight-forward manner their choice of law."  Whitney v. Guys, Inc., 700 F.3d 1118, 1124 (8th Cir. 2012) (citing Jepson v. Gen. Casualty Co. of Wisc., 513 N.W.2d 467, 470 (Minn. 2000)).

1.     **Predictability of results**

The predictability of results factor applies "primarily to consensual transactions, and not to torts." Id. (citing Nesladek v. Ford Motor Co., 876 F. Supp. 1061, 1068 (D. Minn. 1994)). "The predictability of results is not implicated when an action arises out of an accident, and the judicial task is not simplified by application of either state's law." Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 620 (8th Cir. 2001) (citations omitted). Because Plaintiff's claims against the Sanford Defendants in this case are tort claims, this factor is not implicated.

2.     **Maintenance of interstate order**

This factor addresses whether application of Minnesota law would "manifest disrespect for the law" of North Dakota "based on a comparison of the relevant interest of each state." Strohn, 353 F.Supp. 3d at 833. When a forum state has little or no contact with a case and the significant contacts are with a sister state, this factor favors the forum state not applying its own law to the dispute. Hughes, 250 F.3d at 621.

Plaintiff's claims against the Sanford Defendants are a result of contacts that occurred solely in North Dakota. On August 31, 2018, Dr. Leigh examined Sherrell in the emergency room at Sanford Medical Center Fargo, in North Dakota. (Doc. 30, ¶ 38). Plaintiff alleges Dr. Leigh ignored Sherrell's symptoms of Guillain Barre Syndrome. Id. Plaintiff also alleges that when the "MRI studies were inconclusive, Dr. Leigh ordered no additional testing such as lumbar puncture for spinal fluid testing, nerve conduction tests or electromyography, all common tests for neurological infections and disorders." Id.

Plaintiff alleges Dr. Leigh instead relied upon information obtained from the correctional officers, who indicated Sherrell had been observed on a monitor during the night moving his extremities without difficulty.  Id.  Plaintiff alleges Dr. Leigh failed to explore other explanations for Sherrell's symptoms and determined Sherrell was "faking/lying."  Id. Plaintiff also alleges Dr. Leigh should have admitted Sherrell to the Sanford Fargo hospital and, if admitted, Guillain-Barre Syndrome would have been diagnosed and Sanford could have effectively treated Sherrell. Id. at ¶ 56.

Minnesota's only contacts to Plaintiff's case against Sanford are that Sherrell was a Minnesota resident and eventually passed away in Minnesota. Simply being a resident of Minnesota is not sufficient for this factor to favor the application of Minnesota law.  See Strohn, 353 F.Supp.3d at 833 (stating that this factor did not favor the application of Nebraska law when the only relationship Nebraska had to the personal injury case was that it was the Plaintiff's state of residence at the time of the accident). Because the contacts relating to Plaintiff's malpractice allegations against the Sanford Defendants occurred in North Dakota and because Minnesota's only contacts are a result of Sherrell being a Minnesota resident, this factor favors the application of North Dakota law.

### 3.    Simplification of the judicial task

The simplification of the judicial task factor assures that Minnesota courts do not apply a rule of law that is inconsistent with the interests and concepts of fairness and equity of Minnesota.  Strohn, 353 F.Supp.3d at 833.  Minnesota courts have indicated this factor has little value in tort cases. Burks v. Abbott Labs., 639 F.Supp.2d 1006, 1013 (D. Minn.

2009) (citing <u>Jepson</u>, 513 N.W.2d at 470-72).  This factor is not applicable in this tort case against the Sanford Defendants.

### 4.        Advancement of the forum's governmental interests

Under this factor, the court considers which law most advances a significant interest of the forum.  <u>Burks</u>, 639 F.Supp.2d at 1013.  When one of the two states has a legitimate interest in the application of its law and policy and the other state has none, the law of the interested state should be applied.  <u>Id.</u>

Here, the North Dakota legislature made a policy decision that for incidents of medical malpractice occurring within the state, medical providers should not be subjected to unlimited damages.  The legislature enacted N.D.C.C. § 32-42-02 after a five-year study by a task force created to analyze and make recommendations for improvements to North Dakota's health care system.  <u>Condon</u>, 926 N.W.2d at 142.  The goals were to "(1) increase access; (2) control costs; and (3) to maintain or increase quality of health care in the state." <u>Id.</u>  The initial recommendation was to cap noneconomic damages at $250,000, but the amount was changed to $500,000 to provide more equity for seriously injured persons who did not have significant wage losses to recoup.  <u>Id.</u>  "There was also testimony suggesting the goal of the cap was to stabilize the risk for insurance providers which would potentially have a beneficial effect on premiums."  <u>Id.</u>  Because of the cap on noneconomic damages in North Dakota, North Dakota has a strong legitimate interest in application of its own law.

Even if the Court's choice-of-law analysis does not favor either state, "the state where the accident occurred has the strongest governmental interest; [and] accordingly, the

law of the state where the accident occurred should be applied." <u>Burks</u>, 639 F.Supp.2d at 1013-14 (quote <u>Nodak</u>, 604 N.W.2d at 96).  Here, Plaintiff alleges the medical malpractice against the Sanford Defendants occurred in North Dakota. As explained above, all the contacts relating to liability for the medical malpractice allegations occurred in North Dakota.  As such, North Dakota has the strongest government interest.  This factor favors application of North Dakota law.

### 5.   <u>Better rule of law</u>

Minnesota courts do not apply the better rule of law factor "unless all other factors are inconclusive." <u>Strohn</u>, 353 F.Supp.3d at 834.  Even if applied, the factor is relatively unimportant where the conflict involves competing statutes.  <u>See Whitney v. Guys, Inc.</u>, 700 F.3d 1118, 1124 (8th Cir. 2012) (the conflict involved competing statutes of limitations).  This factor does not have any bearing on the choice of law analysis here.

## ORDER

Considering all of the above factors, North Dakota law applies to Plaintiff's medical negligence claims against the Sanford Defendants.   Accordingly, it is **HEREBY ORDERED** that the Sanford Defendants' Defendants' Motion for Partial Judgment on the Pleadings Dismissing Plaintiff's Claims under Minn. Stat. § 573.02 is hereby **GRANTED**.

Dated this ___ day of _____.

BY THE COURT:

_____
The Honorable Eric C. Tostrud
U.S. DISTRICT COURT JUDGE