UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Del Shea Perry,** | **Court File No. 19-CV-02580 (ECT/LIB)** |
| **Plaintiff,** | |
| vs. | **STIPULATION FOR PROTECTIVE ORDER** |
| **Beltrami County, et al.,** | |
| **Defendants.** | |

Plaintiff Del Shea Perry and third parties Minnesota Board of Medical Practice and Minnesota Board of Nursing hereby agree and stipulate as follows:

1. **WHEREAS,** on July 24, 2020, Plaintiff served a subpoena on the Minnesota Board of Medical Practice seeking to recover various documents, records, and data related to the present litigation. The Minnesota Board of Medical Practice is a third party and is represented in these proceedings by Keriann. L. Riehle, Assistant Minnesota Attorney General. By correspondence dated August 7, 2020, the Minnesota Board of Medical Practice responded to the subpoena and asserted various objections to the specific requests specified in the subpoena. Having asserted its objections, the Minnesota Board of Medical Practice did not produce any responsive documents, records, or data.

2. **WHEREAS,** on January 18, 2021, Plaintiff served a subpoena on the Minnesota Nursing Board seeking to recover various documents, records, and data related to the present litigation. The Minnesota Board of Nursing is a third party and is represented in these proceedings by Hans A. Anderson, Assistant Minnesota Attorney General. By correspondence dated February 2, 2021, the Minnesota Board of Nursing responded to the subpoena and asserted various objections to the specific requests specified in the

1

subpoena. Having asserted its objections, the Minnesota Board of Nursing did not produce any responsive documents, records, or data.

3. **WHEREAS,** having received their objections, Plaintiff reached out to both Boards, through their legal counsel, in an effort to meet and confer as required under the Local Rules prior to pursuing a motion to compel compliance with Plaintiff's subpoenas.

4. **WHEREAS,** after several rounds of discussions, Plaintiff and the Boards agreed to the following resolution that they believe may resolve this discovery dispute:

    a. Plaintiff and the Boards will seek a protective order that will provide sufficient protections for any documents, records, or data that may be produced by the Boards in response to Plaintiff's subpoenas as required under the Minnesota Government Data Practices Act;

    b. Upon issuance of the protective order, the Boards will substantively respond to Plaintiff's subpoenas and will produce the requested documents, records, and data, with the exception of documents protected by the attorney-work-product doctrine, attorney-client privilege, or any other privilege, which will not be produced;

    c. The Boards will also produce a privilege log identifying all documents withheld pursuant to the attorney-work-produce doctrine, attorney-client privilege, or any other privilege.

5. **WHEREAS,** Plaintiff and the Boards stipulate and request that the Court enter the following protective order:

This matter came before Magistrate Judge Leo Brisbois, pursuant to a request from the Minnesota Board of Medical Practice ("BMP"), the Minnesota Board of Nursing ("MBN"), and Plaintiff regarding Plaintiff's third-party subpoenas.

Zorislav R. Leyderman, Esq., represents Plaintiff. Keriann L. Riehle, Assistant Attorney General, represents BMP. Hans A. Anderson, Assistant Attorney General, represents MBN.

Pursuant to Minnesota Statutes sections 13.03, subdivision 6, and 13.41; and

Based on the anticipated need of Plaintiff for certain data of which Plaintiff is the subject of the data, or a party to the above-entitled proceeding is the subject of the data; and

Based on the contention of BMP and MBN that some such data are classified as not public, on BMP and MBN's interests in maintaining any not public classification of the data, and on the privacy interests of the subjects of the data; and

Based on the determination that the benefit to Plaintiff outweighs any harm to the confidentiality interests of BMP or MBN or of any person who has provided data, or who is the subject of the data, or to the privacy interest of an individual identified in the data:

IT IS HEREBY ORDERED:

1. In all pleadings and the Court's orders and reports related to this matter, patient, complainant, and individual identities shall be protected by redacting the documents

or referring to such individuals by number or initials only. "Pleadings" include but are not limited to motions and responses to motions.

2. Subject to the restrictions set forth below, BMP and MBN shall produce the documents and information requested by Plaintiff that Plaintiff cannot obtain from other sources notwithstanding the fact that such documents and information contain data classified as not public pursuant to Minnesota Statutes section 13.41, so long as Plaintiff is the subject of the data or a party to the above-entitled proceeding is the subject of the data:

   a. Except as may be required by law or district court order, all not public documents and information relating to this matter shall be used solely in connection with the above-entitled proceeding and shall not be disclosed by either party outside this proceeding. When such data are disclosed in the course of this proceeding, the parties shall refer to individuals by number or initials.

   b. Not public data shall not be disclosed by either party during the course of trial preparation except to the following persons:

      1) The parties, the parties' counsel, and such employees of the parties' counsel who assist in the above-captioned proceeding, all of whom are bound by the terms of this Protective Order;

      2) Independent experts or consultants, working with the parties or their counsel, who agree to be bound by the terms of this Protective Order;

      3) Other persons, including witnesses and deponents, as necessary to adequately conduct this litigation, provided that such persons agree in writing or on the record to be bound by the terms of this Protective Order and not disclose any not public data outside this proceeding.

  c. Plaintiff's counsel shall maintain in his possession any and all copies of the documents and information produced pursuant to this Protective Order and shall return all such copies to BMP and MBN's counsel or, if the parties agree, destroy such copies at the close of this proceeding.

  d. Paragraph 2 of the Protective Order covers pretrial preparation and submissions to the Court but does not cover evidence to be offered at the hearing which will be subject to the rulings of the Court pursuant to applicable rules of evidence.

3. This Order only governs data in which Plaintiff is a subject of the data or a party to the above-entitled proceeding is a subject of the data. This Order does not require BMP or MBN to produce not public data regarding other subjects or protected materials (i.e., complainant data, investigations in which Plaintiff or a party to the above-entitled proceeding are not the subject, or other information to which Plaintiff is not entitled to pursuant to the Minnesota Government Data Practices Act, work product, materials prepared in anticipation of litigation, or materials subject to the attorney-client privilege, the agency deliberative process privilege, the mental-process privilege or any other applicable privilege).

If BMP or MBN objects to producing information or documents on such grounds, Plaintiff may seek production of the information or documents through a motion before the Court pursuant to Federal Rule of Civil Procedure 45 and other applicable law.

                                                THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: <u>March 24, 2021</u>             By: <u>s/ Zorislav R. Leyderman</u>
                                             ZORISLAV R. LEYDERMAN
                                             Attorney License No. 0391286
                                             Attorney for Plaintiff
                                             The Law Office of Zorislav R. Leyderman
                                             222 South 9th Street, Suite 1600
                                             Minneapolis, MN 55402
                                             Tel: (612) 876-6626
                                             Email: zrl@ZRLlaw.com

                                               OFFICE OF THE MINNESOTA ATTORNEY
                                                      GENERAL KEITH ELLISON

Dated: <u>March 24, 2021</u>
                                         By: <u>s/ Keriann L. Riehle</u>
                                             KERIANN L. RIEHLE
                                             Attorney License No. 0398258
                                             MN Attorney General's Office
                                             445 Minnesota Street, Suite 1400
                                             St. Paul, MN 55101
                                             Tel: (651) 296-3353
                                             Email: david.cullen@ag.state.mn.us
                                                      keriann.riehle@ag.state.mn.us

                                             *Attorney for the Minnesota Board of Medical Practice*

Dated: March 24, 2021

OFFICE OF THE MINNESOTA ATTORNEY GENERAL KEITH ELLISON

By: s/ Hans A. Anderson
    HANS A. ANDERSON
    Attorney License No. 0390994
    MN Attorney General's Office
    445 Minnesota Street, Suite 1400
    St. Paul, MN 55101
    Tel: (651) 296-3353
    Email: hans.anderson@ag.state.mn.us

*Attorney for the Minnesota Board of Nursing*

...

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Del Shea Perry, Trustee for the Heirs and Next of Kin of Hardel Harrison Sherrell and Personal Representative for the Estate of Hardel Harrison Sherrell, | Case No. 19-cv-2580 (ECT/LIB) |
| Plaintiff, | **EXHIBIT A** |
| vs. | **NONDISCLOSURE AGREEMENT** |
| Beltrami County; et al., | |
| Defendants. | |

I, the undersigned, acknowledge that I have read the attached Protective Order dated _____, 2021, issued in the above-entitled matter and understand and agree to be bound by all of its terms.

Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive materials designated **"NOT PUBLIC"** under the terms of the Protective Order, or any copies or extracts of information derived therefrom, which have been disclosed to me. I further agree to use any materials disclosed to me solely for the purpose of this proceeding and for no other purpose.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing this Protective Order.

Dated: _____, 202\_

_____
Signature

_____
Type or Print Name

_____
Address

_____
Name of Employer

_____
Name of Associated Party