UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Del Shea Perry, Trustee for the Heirs and Next of Kin of Hardel Harrison Sherrell and Personal Representative for the Estate of Hardel Harrison Sherrell, | Case No. 19-cv-02580 ECT/LIB |
| Plaintiff, | |
| vs. | |
| Beltrami County; MEnD Correctional Care, PLLC; Sanford Health; Sanford; Sanford Medical Center Fargo; Calandra Allen (Jail Administrator), Andrew Richards (Assistant Jail Administrator), Edward Busta (Program Director), Corrections Sergeant Tyler Carraway, Corrections Sergeant Anthony Derby, Corrections Sergeant Mario Scandinato, Corrections Officer Melissa Bohlmann, Corrections Officer Jared Davis, Corrections Officer Dana Demaris, Corrections Officer Brandon Feldt, Corrections Officer James Foss, Corrections Officer Daniel Fredrickson, Corrections Officer Chase Gallinger, Corrections Officer Holly Hopple, Corrections Officer Nicholas Lorsbach, Corrections Officer Erin Meyer, Corrections Officer Mitchell Sella, Corrections Officer Christopher Settle, Corrections Officer Marlon Smith, Corrections Officer Jacob Swiggum, Corrections Officer Joseph Williams, Beltrami County employees, all in their individual and official capacities and as | |

agents/employees of Beltrami County;
Todd Leonard, MD, Crystal Pedersen, RN,
Michelle Skroch, RN, and Madison
Brewster, Health Technician, MEnD
Correctional Care employees, all in their
individual and official capacities and as
agents/employees of MEnD Correctional
Care, PLLC;
Dustin G. Leigh, MD, individually and as
employee/agent of Sanford Health and/or
Sanford and/or Sanford Medical Center
Fargo,

Defendants.

## STIPULATION TO AMEND SCHEDULING ORDER

Pursuant to F.R.C.P. 16(b)(4) and Local Rule 16.3, Plaintiff and Defendants, by and through undersigned counsel, stipulate and jointly move the Court to amend the Pretrial Scheduling Order for good cause.

1. <u>Good cause for the proposed modification:</u>

The parties have conducted extensive written discovery in this case and have exchanged numerous rounds of interrogatories and requests for production of documents. As of today's date, written discovery in this case exceeds 15,000 pages of records and contains voluminous other data such as video recordings, audio recordings, photographs, etc. Plaintiff has taken 8 party depositions and intends to continue with additional depositions in the near future and has also identified six experts and has produced six expert reports. Defendants intend to conduct depositions before the close of discovery and will also be submitting expert disclosures in compliance with the Court's scheduling order. The parties have encountered some difficulty in coordinating depositions due to the COVID-19 pandemic and various scheduling conflicts. The conflicts include general

2

availability of counsel, as well as Plaintiff counsel's calendar filling up with back-to-back state court criminal trials for several months in a row.

In addition to scheduling conflicts, the parties would like to modify the general structure of the current scheduling order such that fact and expert discovery is staggered instead of overlapping as it is structured now under the current scheduling order. This is a complex wrongful death case with multiple experts. As of today's date, Plaintiff has identified six experts and has produced six expert reports and intends to designate additional expert witnesses as well. Defendants also expect to designate expert witnesses in this case. The parties, after meeting and conferring about these issues, are in agreement that it would be to the benefit of the parties and the Court to allow time for expert disclosures and discovery after completion of fact discovery. This would help ensure that the parties' experts are not submitting multiple supplemental reports as fact discovery continues to develop. This would also help ensure that the case can stay on track without the need for additional extensions to allow for more time for expert discovery.

Based on the above, as well as the complexity and the needs of the case, the parties believe good cause exists to extend fact discovery by 30 days and adjust the expert disclosure and discovery deadlines such that remaining expert disclosures and discovery can be completed after fact discovery is closed.

2. <u>The proposed modification's effect on any deadlines:</u>

The deadlines set in the Amended Pretrial Scheduling Order (#52) need to be extended as follows:

| | |
|---|---|
| Close of fact discovery: | **December 1, 2021** |
| Plaintiff's expert reports and disclosures: | **February 1, 2022** |
| Defendants' expert reports and disclosures: | **April 1, 2022** |
| Close of expert discovery: | **May 15, 2022** |
| Non-dispositive motions: | **June 1, 2022** |

Dispositive motions: **August 1, 2022**

Settlement conference: **Some time in October, 2022**

Trial ready: **December 1, 2022**

The parties respectfully submit that the above constitutes good cause to modify the present scheduling order as requested by the parties.

So stipulated and jointly moved:

                                                       IVERSON REUVERS

Dated: July 9, 2021                  By   s/Stephanie A. Angolkar
                                                          Jason M. Hiveley, #311546
                                                          Stephanie A. Angolkar, #388336
                                                          Aaron M. Bostrom, #401773
                                            9321 Ensign Avenue South
                                            Bloomington, MN  55438
                                            (952) 548-7200
                                            jasonh@iversonlaw.com
                                            stephanie@iversonlaw.com
                                            aaron@iversonlaw.com
                                            *Attorneys for Defendants Beltrami County, Calandra Allen, Andrew Richards, Edward Busta, Tyler Carraway, Anthony Derby, Mario Scandinato, Melissa Bohlmann, Jared Davis, Dana Demaris, Brandon Feldt, James Foss, Daniel Fredrickson, Chase Gallinger, Holly Hopple, Nicholas Lorsbach, Erin Meyer, Mitchell Sella, Christopher Settle, Marlon Smith, Jacob Swiggum, Joseph Williams*

Dated: July 9, 2021

                           */s/* Peter W. Zuger
                           Peter W. Zuger (ND #06282)
                           SERKLAND LAW FIRM
                           10 Roberts St. N. | PO Box 6017
                           Fargo, ND 58108-6017
                           Phone: (701) 232-8957
                           Fax: (701) 237-4049
                           pzuger@serklandlaw.com
                           ***Attorneys for Sanford Health, Sanford, Sanford Medical Center and Dustin G. Leigh, MD***

Date: July 9, 2021

                           */s/ Anthony J. Novak*
                           Anthony J. Novak (#0351106)
                           Carolin J. Nearing (#0291791)
                           LARSON • KING, LLP
                           30 East Seventh Street, Ste. 2800
                           Saint Paul, MN 55101
                           (651) 312-6500 | Fax: (651) 312-6618
                           tnovak@larsonking.com
                           cnearing@larsonking.com
                           bprowant@larsonking.com
                           ***Attorneys for the MEnD Defendants***

Dated: July 9, 2021	By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
Law Office of Zorislav Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com