UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Del Shea Perry, *Trustee for the Heirs and*        File No. 19-cv-2580 (ECT/LIB)
*Next of Kin of Hardel Harrison Sherrell and*
*Personal Representative for the Estate of*
*Hardel Harrison Sherrell*,

    Plaintiff,                                         **ORDER**

v.

Beltrami County, *et al.*,

    Defendants.

---

On October 15, 2021, Plaintiff Del Shea Perry filed a Stipulation that seeks to dismiss all claims against Defendants Sanford Health, Sanford, Sanford Medical Center Fargo, and Dustin G. Leigh, M.D. (the "Sanford Defendants") only. ECF No. 64. The Stipulation is not signed by all parties who have appeared in this action; it was signed by Perry and the Sanford Defendants but not by the twenty-seven remaining Defendants. *See id.* The Sanford Defendants have answered Perry's pleadings. ECF Nos. 16, 33. The Stipulation is therefore not sufficient to result in a voluntary dismissal of the Sanford Defendants under Federal Rule of Civil Procedure 41(a)(1)(A) (allowing plaintiff to dismiss action without a court order "by filing: (i) a notice of dismissal before the opposing party serves either an answer or motion for summary judgment; or (ii) by filing a stipulation of dismissal signed by all parties who have appeared").

It seems reasonable to construe the Stipulation as a motion to dismiss the Sanford Defendants from this action under Fed. R. Civ. P. 41(a)(2). *See* 9 Charles Alan Wright &

Arthur R. Miller, *Federal Practice & Procedure* § 2364 (4th ed. Apr. 2021 Update) (collecting cases); *see also Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) ("It has been said that Rule 41(a)(2) contemplates a motion."). Rule 41(a)(2) states, in relevant part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "When deciding whether to grant a [Rule 41(a)(2)] motion for voluntary dismissal, the district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice [a party]." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) (second alteration in original) (internal quotation marks and citations omitted); *see also Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) ("All of the parties submitted briefs supporting or opposing the [Rule 41(a)(2)] motion to dismiss, so the relevant factors were before the district court.").

The record shows that the Sanford Defendants' dismissal is appropriate. The Stipulation was entered in conjunction with a settlement between Perry and the Sanford Defendants. *See* ECF No. 63. It is clear that dismissal of the Sanford Defendants would not waste judicial resources or prejudice the remaining Defendants. The Stipulation has been pending for more than two weeks and, in that time, no party has objected to it. The deadline to amend pleadings ran in May 2020, ECF No. 59, and, with no prospect of filing crossclaims against the Sanford Defendants, there is no obvious prejudice to the Defendants.

For the foregoing reasons, and based on all of the files, records, and proceedings herein, **IT IS ORDERED** that the Stipulation for Dismissal [ECF No. 64] is **GRANTED**. All claims against Defendants Sanford Health, Sanford, Sanford Medical Center Fargo, and Dustin G. Leigh are **DISMISSED** with prejudice and without costs, disbursements, or attorneys' fees to any of the Parties.

Dated:  November 2, 2021                    s/ Eric C. Tostrud
                                            Eric C. Tostrud
                                            United States District Court